PER CURIAM:
 

 Plaintiff Hickey’s Carting, Inc. (“Hickey”), appeals from a final judgment of the United States District Court for the Eastern District of New York, Leonard D. Wex-ler,
 
 Judge,
 
 denying its request for cancellation or modification of an administrative order of respondent United States Environmental Protection Agency (“EPA” or “Agency”) that requires Hickey to comply with the Safe Drinking Water Act (“Act” or “SDWA”), 42 U.S.C. § 300f
 
 et seq.
 
 (1988), and to pay a $17,000 penalty for past violations of the Act. On appeal, Hickey contends principally that the court erroneously denied it judicial review and should have found mitigating circumstances justifying a reduction in penalty. Finding no merit in any of Hickey’s arguments, we affirm.
 

 The material facts do not appear to be in dispute. Hickey, at its facility in Suffolk County, New York, operated three wells, consisting of one storm drain located under a trash compactor and two bottomless drums inserted into a storage floor area. These wells were in violation of 40 C.F.R. §§ 144.11 and 144.12 (1991), regulations promulgated by EPA under the Act. Suffolk County authorities notified Hickey of the violation twice in 1989. Obtaining no results, the County contacted EPA.
 

 On June 26, 1990, several weeks after inspecting Hickey’s premises, EPA notified Hickey by certified mail that the wells were in violation of SDWA provisions, and it directed Hickey to apply for a permit or submit a plan for closure. The notice stated that failure to comply within 30 days would subject Hickey to a civil penalty. Hickey did not respond. On August 10, 1990, EPA notified Hickey that it would be subject to penalties for failure to respond to the June 26 notice, and gave Hickey 20 days in which to respond to the August letter. Hickey did not respond.
 

 On September 27, 1990, EPA notified Hickey that it proposed to enter an order requiring Hickey to,
 
 inter alia,
 
 cease injecting fluids into the wells and pay a $17,-000 penalty for its past violations. This notice also informed Hickey of its. right to oppose the proposed order:
 

 You are hereby offered an opportunity to submit written comments on the proposed order and/or to request a hearing, within 30 days of receipt of this notice, under 1423(c)(3), 42 U.S.C. § 300h-2(c)(3). EPA will conduct any hearing pursuant to the procedures required by this section of the Act. A hearing will formally offer you an opportunity to show cause why the enclosed order should not be issued, why its terms should be modified, or why the penalty should be reduced or waived. A request for a hearing must be in writing and must specify the factual and legal issues that you believe are in dispute and the specific factual and legal grounds on which you intend to base your defense____
 

 If you choose not to- request a hearing as provided above, EPA will review any comments submitted on the proposed order and will thereafter determine whether to issue the order.
 

 Whether or not you request a hearing, you may confer informally with EPA concerning the alleged violations or the amount of the proposed penalty____
 

 PLEASE NOTE THAT A REQUEST FOR AN INFORMAL CONFERENCE DOES NOT EXTEND THE 30-DAY TIME PERIOD DURING WHICH COMMENTS AND/OR A WRITTEN REQUEST FOR A HEARING MUST BE SUBMITTED.
 

 
 *68
 
 Hickey did not respond to this September 27 notice within the 30-day period.
 

 Hickey finally met with EPA in mid-November 1990 in an effort to avert the proposed penalty. Negotiations were unsuccessful, and in March 1991 EPA issued its order requiring Hickey to,
 
 inter alia,
 
 cease injecting fluids into the wells and to pay a $17,000 penalty.
 

 In May 1991, Hickey commenced the present action, seeking to have the EPA’s order set aside on the grounds that it was not supported by substantial evidence and was an abuse of discretion. Hickey argued that it had made efforts to cure its violations and had discussed those efforts with EPA beginning in mid-November 1990, and that it therefore deserved to have the penalty reduced.
 

 The district court, after hearing argument, denied Hickey’s application, stating in part as follows: “I find substantial evidence for the hearing officer’s decision. You cannot sit back and do nothing and then say oh, I was thinking about it and working on it without their knowledge.” Judgment was entered denying the relief requested by Hickey and ordering it to pay the $17,000 penalty.
 

 Hickey appeals, contending principally (a) that the court erroneously denied it judicial review because of its failure to seek an evidentiary hearing on EPA’s proposed order, and (b) that the court should have found that Hickey’s mitigation efforts justified a reduction in penalty. We reject all of its arguments.
 

 First, we disagree with the characterization of the district court’s decision as a ruling that Hickey was not entitled to judicial review. The court noted that Hickey had been given 30 days in which to respond to the proposed order and had defaulted— while continuing to use the wells — and ruled that EPA was not required to base agency decisions on conduct of Hickey that occurred after its default. The court itself reviewed EPA’s decision and found,
 
 inter alia,
 
 that there was substantial evidence to support it.
 

 On the merits, Hickey contends that the court should have required EPA to reduce its penalty on account of Hickey’s efforts to cure its violations. We see no error. The district court is not to disturb an EPA order unless there is not substantial evidence on the record to support the Agency’s finding of a violation or unless the penalty constitutes an abuse of discretion. 42 U.S.C. § 300h-2(c)(6) (1988). Hickey concedes that it violated the Act. Further, the record reveals that EPA arrived at the $17,000 penalty by applying its standard “penalty policy” assessment formula. In light of the lengthy duration of Hickey’s uncured violations, its repeated failures to respond to notices from EPA and Suffolk County, and its eventual default in responding to the final notice, the district court properly declined to find that the Agency’s refusal to consider Hickey’s postdefault conduct was an abuse of discretion.
 

 We have considered all of Hickey’s arguments on this appeal and have found them to be without merit. The judgment of the district court is affirmed.